28666. BIVINS, *alias* GLAZE, *v.* THE STATE.

DECIDED JANUARY 30, 1941. REHEARING DENIED APRIL 1, 1941.

*James A. Fort, R. L. LeSueur,* for plaintiff in error.
*E. L. Forrester, solicitor-general,* contra.

BROYLES, C. J. The defendant was tried for the offense of robbery on an indictment containing two counts. Count 1 charged robbery by force, and count 2 charged robbery by intimidation. The jury returned a general verdict of guilty. The motion for new trial was overruled, and that judgment was assigned as error. Counsel for plaintiff in error contend that the charge of the court, instructing the jury that the State was asking for a conviction on count 2 only, should not be considered by this court since the rec-

690

ord does not show that the charge was approved by the court; and that without the charge it does not appear that count 1 was eliminated, and that the general verdict was contrary to law since there was no evidence authorizing a conviction on count 1. However, the plaintiff in error through his counsel made the following amendment (which was allowed by this court) : "Now comes the plaintiff in error, Arthur Bivins, and by leave of the court amends his statement of facts in the above case in the following manner: The judge charged the jury in this case as will appear from the copy of the charge heretofore sent up and which has been certified by the trial judge as being correct. However, plaintiff in error does not admit that the case was submitted to the jury only on count 2 but insists that it was submitted on both counts, and that the charge as certified to by the trial judge as being correct did not have the effect of submitting the case only on count 2. Plaintiff in error does not admit, however, that the words 'charge of the court' were added to the bill of exceptions by his counsel, but says that said words were placed upon the original bill of exceptions by Hon. W. M. Harper. Plaintiff in error prays that this amendment be allowed." It appears from the amendment that the copy of the charge transmitted to this court was certified by the judge as a correct copy of his charge; and it clearly appears from the charge that the jury were in effect instructed that the State had abandoned count 1 of the indictment and was asking for a conviction on count 2 only. Under these circumstances the verdict should be construed as meaning a conviction on count 2 only. So construed, the verdict was amply authorized by the evidence; and the single special ground of the motion for new trial, complaining of the admission of certain testimony, shows no cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*